# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

VICTORIA CROYLE
     Plaintiff

-vs-

Case: 2:07-cv-13900
Assigned To: Borman, Paul D
Referral Judge: Whalen, R. Steven
Filed: 09-17-2007 At 12:10 PM
CMP CROYLE V. HUNTER WARFIELD, INC.
, ET AL (TAM)

**DEMAND FOR JURY TRIAL**

HUNTER WARFIELD, INC.,
JACKIE BROWN,
JOHN DOE
     Defendant

Ian B. Lyngklip (P47173)
Lyngklip & Associates
Consumer Law Center, PLC
Attorney For Victoria Croyle
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864

## COMPLAINT & JURY DEMAND

*Victoria Croyle states the following claims for relief:*

### Jurisdiction

1.  This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2.  This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3.  The Plaintiff to this lawsuit is Victoria Croyle who resides in Keego Harbor, Michigan.

1

4.    The Defendants to this lawsuit are as follows:

    a.    Hunter Warfield, Inc. ("Hunter Warfield") which is a corporation doing business in Michigan and whose resident agent, CSC Lawyers Incorporating Service, maintains its office at 601 Abbott Road , East Lansing, MI  48823.

    b.    Jackie Brown ("Ms. Brown"), an individual who at all times relevant to this complaint acted as an agent of Hunter Warfield.

    c.    John Doe, an unidentified supervisor at Hunter Warfield, who at all times relevant to this complaint acted as an agent of and supervisor for Hunter Warfield.

### Venue

5.    The transactions and occurrences which give rise to this action occurred in Oakland County.

6.    Venue is proper in the Eastern District of Michigan.

### General Allegations

7.    Some time prior to December 28, 2006, Hunter Warfield was engaged by Madison Apartment Group to collect a debt allegedly owed by Victoria Croyle.

8.    On December 28, Hunter Warfield sent a letter to Ms. Croyle demanding $5,853.30 relating to the termination of tenancy for Ms. Croyle's apartment operated by Madison Apartment Group.

9.    Ms. Croyle did not owe  $5,853.30 to Madison Apartment Group.

10.   In point of fact Ms. Croyle had terminated her tenancy and owed a total of $1,329.00.

11.   Ms. Croyle contacted Hunter Warfield and disputed the amount, and verbally sought verification of the amount sought.

12.   At that time, Ms. Croyle advised Hunter Warfield of the circumstances surrounding the debt

and that she owed only $1,329.00.

13. Ms. Croyle provided Hunter Warfield with sufficient information to provide actual notice that the amount which it sought to collect in its initial letter was not owed.

14. Ms. Croyle informed Hunter Warfield that she would not pay the amount not owed.

15. Notwithstanding actual notice, Hunter Warfield pressed forward with its collection actions, instituting a campaign of harassment designed to extort Ms. Croyle into paying over 4 times the amount actually owed through false threats of garnishment and false credit reporting.

16. In specific, on February 16, 2007, Ms. Jackie Brown of Hunter Warfield called Ms. Croyle at her place of work and left a message for Ms. Croyle.

17. At all times relevant to this complaint, Ms. Brown was acting as an agent of Hunter Warfield, collecting debts for others.

18. Ms. Brown called again on February 22 and again left a message for Ms. Croyle at her place of employment.

19. On March 15th, Ms. Brown left another message for Ms. Croyle at her place of work, and Ms. Croyle returned the call.

20. In that call Ms. Brown falsely asserted that Ms. Croyle owed close to $6,000 to Madison apartments.

21. Ms. Croyle again disputed the $5,853.30 demanded by Hunter Warfield and demanded verification of that amount.

22. At that time, Ms. Croyle advised Ms. Brown that she did not owe that much and again demanded proof of the excess amounts.

23. Ms. Brown refused to provide any verification of the excess amounts beyond the $1,329.00

3

which Ms. Croyle actually owed.

24.   Ms. Croyle again advised Ms. Brown that she would not pay any amount over the $1,329.00 that she actually owed.

25.   On March 24, 2007, Ms. Brown called Ms. Croyle at her place of employment again.

26.   In that call, Ms. Croyle advised Ms. Brown that she could not receive personal calls at work and that such calls were not convenient.

27.   Ms. Croyle provided Ms. Brown with her cell phone number.

28.   Ms. Brown advised Ms. Croyle that she would continue to call her at work until she paid the $5,853.30 demanded by Hunter Warfield.

29.   Ms. Croyle again disputed the $5,853.30 demanded by Hunter Warfield and demanded verification of that amount.

30.   Ms. Croyle again advised Ms. Brown that she would not pay any amount over the $1,329.00 that she actually owed.

31.   In April 2007, Hunter Warfield falsely reported to one or more credit reporting agency that Ms. Croyle owed $5853 to "Farmington Hills"

32.   On April 13, 2007, Ms. Brown again called Ms. Croyle at work and left a message.

33.   Ms. Croyle called Ms. Brown back.

34.   In that call, Ms. Croyle advised Ms. Brown that she could not receive personal calls at work and that such calls were not convenient.

35.   On April 24, 2007, Ms. Brown again called Ms. Croyle at work and spoke to Ms. Croyle.

36.   Ms. Croyle called Ms. Brown back.

37.   In that call, Ms. Croyle advised Ms. Brown that she could not receive personal calls at work

4

and that such calls were not convenient.

38.    Ms. Croyle disputed the debt verbally and in writing by faxing written proof to Ms. Brown that she owed only $1,329.00.

39.    On May 10, 2007, Ms. Brown again called Ms. Croyle at work and spoke to Ms. Croyle.

40.    At that time, Ms. Brown advised Ms. Croyle that Hunter Warfield did not accept her written proof and demanded the full $5,853.30.

41.    On May 25, 2007, Ms. Brown again called Ms. Croyle at her place of employment and left a message.

42.    On May 29, 2007, Ms. Croyle returned the call and informed her that she could not receive personal calls at work and that such calls were not convenient.

43.    Ms. Croyle advised Ms. Brown to call on the cell phone number previously provided.

44.    On June 1, 2007, Ms. Brown called Ms. Croyle on her cell phone and left a message.

45.    On June 5, 2007, Ms. Brown called Ms. Croyle at her place of employment and left a message.

46.    On June 11, 2007, Ms. Croyle returned the call to Ms. Brown.

47.    In that call, Ms. Brown demanded that Ms. Croyle prove that she did not owe the amount of $5853.30 sought by Hunter Warfield, by re-sending the written documentation of the actual amount along with a check.

48.    Ms. Croyle again sent proof of the actual amount owed, this time via mail.

49.    On June 25, 2007, Ms. Croyle received a call from Ms. Brown's supervisor, Mr. John Doe.

50.    Ms. Croyle again disputed the $5,853.30 demanded by Hunter Warfield and demanded verification of that amount.

5

51.   Ms. Croyle again advised Mr. Does that she would not pay any amount over the $1,329.00 that she actually owed.

52.   In that call, Mr. Doe informed Ms. Croyle that she owed more than the $1,329.00 and that Hunter Warfield would cause her wages to be garnished for the entire $5,853.30.

53.   Additionally, Mr. Doe threatened to ruin Ms. Croyle's credit and report the entire $5,853.30 sought by Hunter Warfield.

54.   On July 18, 2007, Ms. Brown called Ms. Croyle at her place of employment.

55.   In that call, Ms. Brown falsely claimed that Ms. Croyle had damaged the apartment and owed money for those damages.

56.   Ms. Croyle again disputed the $5,853.30 demanded by Hunter Warfield and demanded verification of that amount.

57.   Ms. Croyle again advised Ms. Brown that she would not pay any amount over the $1,329.00 that she actually owed.

58.   On July 23, 2007, Ms. Croyle received a call from Ms. Brown's supervisor, Mr. John Doe.

59.   Mr. Doe failed to meaningfully identify himself.

60.   Ms. Croyle again disputed the $5,853.30 demanded by Hunter Warfield and demanded verification of that amount.

61.   Ms. Croyle again advised Mr. Does that she would not pay any amount over the $1,329.00 that she actually owed.

62.   In that call, Mr. Doe informed Ms. Croyle that she owed more than the $1,329.00 and that Hunter Warfield would cause her wages to be garnished for the entire $5,853.30 and that Hunter Warfield  would take her to court.

6

63. Since that date, neither Hunter Warfield nor Madison Apartment Group have taken Ms. Croyle to Court.

64. Since that date, neither Hunter Warfield nor Madison Apartment Group has caused Ms. Croyle's wages to be garnished.

65. Hunter Warfield has continued with its false credit reporting relating to Ms. Croyle and her tenancy.

## COUNT 1 – Fair Debt Collection Practices Act (Hunter Warfield, Mr. Doe and Ms. Brown)

66. Ms. Croyle incorporates the preceding allegations by reference.

67. Ms. Croyle is the debtor on a consumer debt being collected by Hunter Warfield and Ms. Brown for Madison Apartment Group.

68. At all relevant times Hunter Warfield – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

69. At all relevant times Ms. Brown – in the ordinary course of her business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

70. At all relevant times Mr. Doe– in the ordinary course of her business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

71. Hunter Warfield is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

72. Ms. Brown is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

73. Mr. Doe is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15

7

U.S.C. §1692a(6).

74. Hunter Warfield's, Mr. Doe's and Ms. Brown's foregoing acts in attempting to collect this alleged debt against Ms. Croyle constitute violations of the FDCPA.

75. Ms. Croyle has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (Hunter Warfield)

76. Ms. Croyle incorporates the preceding allegations by reference.

77. Hunter Warfield is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

78. Ms. Croyle is a debtor as that term is defined in M.C.L. § 339.901(f).

79. Hunter Warfield's foregoing acts in attempting to collect this alleged debt against Ms. Croyle constitute violations of the Occupational Code

80. Ms. Croyle has suffered damages as a result of these violations of the Michigan Occupational Code.

81. These violations of the Michigan Occupational Code were willful.

## Demand For Judgment for Relief

82. *Accordingly, Ms. Croyle requests that the Court grant:*

   a. *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting further collection of those amounts.*

   b. *Actual damages.*

   c. *Statutory damages.*

   d. *Treble damages.*

8

e.    *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By:
Ian B. Lyngklip (P47173)
Attorney For Victoria Croyle
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
IanLyngklip@Att.Net

Dated: September 16, 2007

9

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Victoria Croyle

**DEFENDANTS**
HUNTER WARFIELD, INC.,
JACKIE BROWN,
JOHN DOE

**(b)** County of Residence of First Listed Plaintiff    Oakland
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Ian B. Lyngklip (P47173), Lyngklip & Associates Consumer Law Center, PLC
24500 Northwestern Highway, Ste. 206, Southfield, MI 48075
(248) 208-8864

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

☐ 1   U.S. Government
       Plaintiff

☒ 3   Federal Question
       (U.S. Government Not a Party)

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)
                                                        DEF
                                                        ☐ 4

Citiz   Case: 2:07-cv-13900
        Assigned To: Borman, Paul D
Citiz   Referral Judge: Whalen, R. Steven         ☐ 5
        Filed: 09-17-2007 At 12:10 PM
        CMP CROYLE V. HUNTER WARFIELD, INC.
Citiz   . ET AL (TAM)                              ☐ 6
Fo

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination Under |
| | Employment | ☐ 550 Civil Rights | | | Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Select One Box Only)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq.
Brief description of cause:
Fair Debt Collection Practices Act violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                              DOCKET NUMBER

DATE
September 16, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.         Other than stated above, are there any pending or previously        ☑ Yes
           discontinued or dismissed companion cases in this or any other      ☐ No
           court, including state court? (Companion cases are matters in which
           it appears substantially similar evidence will be offered or the same
           or related parties are present and the cases arise out of the same
           transaction or occurrence.)

If yes, give the following information:

Court:  47th District Court

Case No.:  LT 06-11-1834

Judge:  Marla Parker


Notes :